**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                *Plaintiff-Appellee,*

v.                                              No. 01-4723

JOHNNY LEE BROWN,
                *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(CR-01-6)

Submitted: February 27, 2002

Decided: March 11, 2002

Before WILKINS and MOTZ, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Eunice Green Thompson, Damascus, Maryland, for Appellant. Zelda
Elizabeth Wesley, Assistant United States Attorney, Clarksburg, West
Virginia; Patrick Michael Flatley, OFFICE OF THE UNITED
STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Following a jury trial, Johnny Lee Brown was convicted on one count of escape from lawful custody, in violation of 18 U.S.C. § 751 (1994), for which he received a forty-one month sentence. Brown now appeals from that conviction. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that in her opinion there are no meritorious issues for appeal but addressing alleged violations of Brown's right to a speedy trial. Brown filed pro se supplemental briefs challenging his § 751 conviction on the ground that his underlying conviction was invalid and alleging ineffective assistance of counsel. For the reasons that follow, we affirm.

Brown contends that pretrial delays violated his Fifth and Sixth Amendment rights, as well as his rights under the Speedy Trial Act. However, Brown failed to show prejudice and therefore could not establish a Fifth Amendment violation. *United States v. Lovasco*, 431 U.S. 783, 790 (1977); *Howell v. Barker*, 904 F.2d 889, 894-95 (4th Cir. 1990). We find that Brown failed to demonstrate any Sixth Amendment violation under the factors enunciated by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530-32 (1972). Moreover, excluding the time during which pretrial motions were pending, 18 U.S.C. § 3161(h) (1994); *United States v. Parker*, 30 F.3d 542, 546 (4th Cir. 1994), Brown was brought to trial well within the time constraints of the Speedy Trial Act.

In his pro se supplemental briefs, Brown asserts that his § 751 conviction was invalid because his underlying conviction was invalid and that he was denied effective assistance of counsel. However, claims of unlawful conviction are not a defense to escape. *United States v. Haley*, 417 F.2d 625, 626 (4th Cir. 1969). Because the record does not conclusively show that Brown was denied effective assistance of counsel, this claim is not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

We have examined the entire record in this case in accordance with the requirements of *Anders*, and find no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*